EXPANDED METAL CO. et al. v. BOARD OF EDUCATION OF CITY OF ST. LOUIS et al.

No. 4,218.

(Circuit Court. E. D. Missouri, E. D.   June 30, 1900.)

1. PATENTS—CONSTRUCTION OF CLAIMS.
    Where an article of manufacture, as described in the claim of a patent therefor, does not differ from the same article as previously known in the art, the only novelty being in the process of manufacture as described in the specification, such process is an essential element of the invention, and the specification must be read as a part of the claim.

2. SAME—INFRINGEMENT—METALLIC SCREENING.
    The Golding patent, No. 297,382, for an improvement in slashed metallic screening, while for a product as an article of manufacture, is limited to the article described in the claim, when made by the process described in the specification, and is not infringed unless such process is employed.

In Equity. Suit for infringement of a patent. On final hearing.

Carr & Carr and Munday, Evarts & Adcock, for complainants.

R. E. Rombauer, Rassieur & Rassieur, and Geo. H. Knight, for defendants.

ADAMS, District Judge. The claim of the patent alleged to be infringed by the defendants in this case reads as follows: "As an article of manufacture, metallic screening, formed of slashed and stretched metal, substantially as hereinbefore set forth." This claim, taken by itself, without reference to the description, is for an old and well-known thing,—"metallic screening." It, in terms, is for an article of manufacture, but the object of the invention, as stated in the specification, is "to produce a slashed metal screening." While it is stated in the patent "that the process hereinbefore described of producing the article is reserved for a separate application for letters patent," it is nevertheless clear that the method of producing the screening involved in the patent is descriptive of the thing or article patented. The patentee obviously so considered it. His claim covers no physical elements separate from the process of producing the article. He says that what he claims as new is not metallic screening as such (for that, of course, is old), but metallic screening "formed * * * substantially as hereinbefore set forth"; that is, formed or made in a particular way. Turning now to the description referred to in the claim, it is found that the particular article of manufacture claimed to be invented is made in the following way. The patentee says:

"I take a blank piece of sheet metal of the required size and thickness, and at intervals I slash or cut it as shown in Fig. 1 [Fig. 1 of the patent shows that the sheet is slashed throughout its entire dimensions]; the slashes or cuts in each line of cuts being opposite to the spaces between the slashes or cuts of the adjoining line. These slashes or cuts are made of the required length to form proper-sized meshes. After the metallic sheet is cut or slashed as above described [that is, after the metal is cut or slashed throughout its dimensions as shown by Fig. 1, and not until then], it is stretched in a line transversely to the length of the slashes or cuts, thus forming the meshes as shown in Fig. 2."

From this it is clear that the method of producing the screening consists of two successive acts or steps: (1) The cutting or slashing of the sheet throughout; and, (2) after it is so cut, stretching the same out in a direction opposite to the lines of the cuts, and thus by that act producing the article invented. This process of producing the article is, in my opinion, the sole description of the article found in the patent; and, if the defendants' manufacture is not made by that process (that is, first slashing a sheet throughout, and afterwards, as a separate and distinct act, stretching it out to create the desired article of manufacture), it cannot be held to be an infringement of the complainants' manufacture. This is a peculiar patent,— in name, for a manufactured article; in fact, for an article manufactured by a certain process, which is described. It is, therefore, in my opinion, brought within the doctrine of the case of Smith v. Vulcanite Co., 93 U. S. 486, 23 L. Ed. 952. In that case the claim was as follows:

"The plate of hard rubber or vulcanite, or its equivalent, for holding artificial teeth. or teeth and gums, substantially as described."

The court, in treating of this claim, says:

"The invention, then, is a product of manufacture made in a defined manner. It is not a product alone, separated from the process by which it is created. The claim refers in terms to the antecedent description, without which it cannot be understood. The process detailed is thereby made as much a part of the invention as are the materials of which the product is composed."

The court then, referring to the description of the patent, says:

"If, then, the claim be read, as it should be, in connection with the preceding part of the specification, and construed in the light of the explanation which that gives, the invention claimed and patented is a set of artificial teeth, as an article of new manufacture, consisting of * * *, secured in the manner described in the specification. * * *"

It appears from the opinion that the court, in determining the question of invention, refers to the antecedent description, found in the specification, of the process by which the product is obtained, and holds that such process is made as much a part of the invention as the materials of which the product is composed. Applying the principles of that case to the case in hand, it must be ruled that the process by which the screening is formed is a constituent element of the invention. The complainant introduces no substantial evidence showing that the defendants' fabric was made by the process of the patent. On the contrary, the defendants established by satisfactory proof that the process employed by them is entirely different from that suggested by the patent. For the foregoing reasons, there is no infringement shown. This conclusion obviates the necessity of considering the question of anticipation, as involved in Long's British provisional specification of 1862, or other evidence of want of patentable novelty. The proof of extensive use does not aid complainants. The proof shows that the fabric used is not made by the process of the patent as hereinbefore stated, but by a different process, —practically, that employed by the defendants. In other words, the process of the patent seems to have been abandoned by the complainants for another and different one; and, inasmuch as the process is an essential element of the claim, it cannot be held that the manufactured product of the patent has ever gone into such use as to be any evidence of utility of the invention. The bill must be dismissed.