EXPANDED METAL CO. et al. v. BOARD OF EDUCATION OF CITY OF ST. LOUIS et al.

(Circuit Court of Appeals, Eighth Circuit. October 7, 1901.)

No. 1,500.

1. PATENTS—ANTICIPATION.

Letters patent No. 297,382, April 22, 1884, to John F. Golding, for a metallic screening, are anticipated by English provisional specification No. 2,125, July 26, 1862, by Thomas Long, for open metallic work.

2. SAME—CLAIM LIMITED BY REFERENCE TO SPECIFICATION.

A claim for an article of manufacture formed substantially as set forth in the specification is limited to an article made substantially in the way described in the specification, and such an article formed by a substantially different process is not an infringement of the claim.

(Syllabus by the Court.)

Appeal from the Circuit Court of the United States for the Eastern District of Missouri.

John W. Munday, for appellants.
Geo. H. Christy and Geo. H. Knight, for appellees.

Before SANBORN and THAYER, Circuit Judges, and LOCHREN, District Judge.

SANBORN, Circuit Judge. This is an appeal from a decree which dismissed a bill for the infringement of letters patent No. 297,382, issued April 22, 1884, to John F. Golding. 103 Fed. 287. The claim of this patent was in the following words:

"As an article of manufacture, metallic screening formed of slashed and stretched metal, substantially as hereinbefore set forth."

The method set forth in the specification by which the slashed and stretched metal was formed was this:

"In the manufacture of my slashed metallic screening, I take a blank piece of sheet metal of the required size and thickness, and at intervals I slash or cut it as shown in Fig. 1; the slashes or cuts in each line of cuts being opposite to the spaces between the slashes or cuts of the adjoining line or lines. These slashes or cuts are made of the required lengths to form the proper-sized meshes. After the metallic sheet is cut or slashed as above described, it is stretched in a line transversely to the length of the slashes or cuts, thus forming meshes as shown in Fig. 2. The act of stretching causes the metal forming the boundaries of each mesh to take an oblique position, amounting nearly to a perpendicular line, thus presenting the cut edges of the metal to the surface of the screening. Between the ends of the slashes or cuts are spaces of metal uncut which hold the strands of meshes together."

The defendants pleaded and proved that on July 26, 1862, Thomas Long left at the office of the commissioner of patents of Great Britain a provisional specification wherein he described the nature of his invention in these words:

"This invention relates to an improved manufacture of open metal work, or metal trellis or lattice work, intended to be used as an economical substitute for ordinary wire netting or perforated metal, and applicable also to the manufacture of bird cages, basket stands, and supports for flowers, fire guards, and other purposes where wire work has hitherto been employed. According to this invention, it is proposed to make open metal work or trellis or lattice work by making a number of slits in a flat sheet of metal, such slits being made in straight or curved lines or rows, the slits in each line or row being made to break joint with the adjoining lines or rows; a small portion of the metal being left intact or uncut between the ends of the several slits. The sheet, having been thus slit, is now stretched out so as to open the slits, whereupon a perfectly formed trellis, having hexagonal openings, will be produced. In order to form a finish to and strengthen the edges of this open metal work, it is proposed to turn the edges of the plate before it is stretched, and to insert therein a length of wire, which, when the metal is stretched, will remain threaded through each of the end tongues of the metal work. The slitting of the metal sheets may be effected either by suitable slitting rolls, stamping apparatus, or by hand cutters or tools, as preferred."

This specification of Long contains a perfect description of the manufactured article, and of the method of manufacturing the article, described and claimed in the patent to Golding. The only essentials for the manufacture of this article, according to the patent, are a sheet of metal, slits made therein so that they will break joints with

each other, and the stretching or expanding of the metal in a direction transverse to the length of the slits. These essentials are as clearly portrayed in the specification of Long as in that of Golding. The only distinctions between the two specifications to which counsel for the appellants has been able to call our attention are that Long's does not state that the metal forming the boundaries of each mesh takes an oblique position amounting to nearly a perpendicular line when the sheet is stretched, while Golding's makes this averment, and that Long suggests the turning of the edges of the sheet and the insertion of a length of wire therein to finish and strengthen them, while Golding is silent upon this subject. But these are distinctions without a difference. The article patented is the metallic sheet slashed by slits which break joints with each other, and stretched in a direction transverse to the slits, and this article is as perfectly described in the specification of Long as in that of Golding. The fact that in order to make Golding's article the sheet must be so slit that the width of the strands of metal shall be greater than the thickness of the sheet is no answer to the specification of Long, because his description covers a sheet slit in that way as completely as it does one in which the strands are narrower or wider, and because Golding has not specified or claimed as his invention a sheet of metal so slit that the width of the strands shall exceed the thickness of the sheet. Nor does the addition to the description of the screening and the method of its construction of the suggestion that it may be strengthened by turning the edges of the sheet of metal over a wire detract from its clearness or its effect. It was a complete portrayal of the article which Golding claims without the clause which mentions the strengthening wire, and the addition of that clause took nothing from it. The patent to Golding cannot be sustained, in view of the provisional specification of Long.

There was another defense to the bill, and that was that the defendants below did not infringe because they did not construct their metallic screening substantially as described in the patent to Golding. The method described in that patent, as we have seen, consisted of the slitting of the sheet of metal so that the slits would break joints, and then the expansion of the sheet in a direction transverse to the slits. The method adopted by the defendants was to cut a small strip from near the edge of the metal, and then open it by forcing it downward in a line at right angles to the plane of the sheet. In other words, the sheet was not first slashed, and then drawn out so as to separate the strands, but the meshes were made by a machine which cut a small strip near the edge of the metal, and then opened it so as to form the meshes. The claim of the patent is expressly limited to a metallic screening formed of slashed and stretched metal substantially as set forth in the specification. General language in a claim which points to an element or device more fully described in the specification is limited to such an element or device as is there described, and this claim is limited to a screening slashed and stretched substantially as set forth in the specification. Smith v. Vulcanite Co., 93 U. S. 486, 493, 23 L. Ed. 952; Adams Electric R. Co. v. Lindell R. Co., 77 Fed. 432, 449, 23 C. C. A.

223, 240, 40 U. S. App. 482, 512; Mitchell v. Tilghman, 19 Wall. 287, 22 L. Ed. 125. The defendants manufactured a metallic screening without slashing and stretching it substantially as set forth in the specification of the appellants' patent, and consequently they did not infringe the latters' monopoly. •

The decree below is affirmed.